UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,           )
     Plaintiff,              )
                             )
vs.                          )   CIVIL ACTION
                             )   NO.
COMMONWEALTH OF MASSACHUSETTS,)
     Defendant.              )

## PLAINTIFF'S MOTION TO WAIVE FILING FEES AND COSTS AND TO PROCEED IN FORMA PAUPERIS

Plaintiff, Sandy J. Battista, acting pro-se in the above entitled matter, respectfully moves this Honorable Court to waive any and all filing fees and costs incurred in this action and ALLOW her to proceed in forma pauperis. As grounds for this motion, plaintiff states as follows:

1) Plaintiff has been in the Department of Correction since February of 1982. Whereas, she has been unable to engage in gainful employment.

2) On 5/29/01, plaintiff was discharged from her criminal sentences of incarceration, though remained in custody pending a Petition filed by the Worcester County District Attorney's Office seeking a determination as to her alleged "sexual dangerousness." See Commonwealth vs. Sandy J. Battista, WORCV01-1108-C.

3) On 5/15/03, plaintiff was adjudicated as being a "sexually dangerous person," and civilly committed to the Mass. Treatment Center. Id.

4) That the fee paying requirement under the Prison Liti-

-2-

gation Reform Act pertains only to "prisoners," not those persons "civilly" committed to the Treatment Center. See Perkins vs. Hedricks, 340 F.3d 582, 583 (8th Cir. 2003); Troville vs. Venz, 303 F.3d 1256, 1559-60 (11th Cir. 2002); Yoder vs. Patla, 234 F.3d 1275 (7th Cir. 2000); Page vs. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000); King vs. Greenblatt, 53 F.Supp.2d 117, 137-38 (D.Mass. 1999).

5) Having been in custody for the last 20+ years, both "criminally" and "civilly," plaintiff has no real property, stocks, bonds, notes, automobiles, etc.. Except a small inheritance from her fathers recent passing, which is exempt and not considered "income" under the Social Security Administrations Act.

6) Plaintiff is not currently employed, nor has she been in the last six months, or expects to be in the next six months.

7) This Court and the First Circuit Court of Appeals has recently determined this plaintiff to be indigent. See attached.

8) Plaintiff's financial status has not changed as of date since the Court's determination of her indigent status in the attached notices.

9) Plaintiff is unable financially to afford the filing fees and costs incurred in this matter.

WHEREFORE, it is respectfully prayed that this motion be ALLOWED, and the Court issues an Order waiving the filing fees and costs incurred in this matter, and GRANT plaintiff in forma pauperis status.

-3-

Dated: 2/23/04.                    Respectfully submitted,

                                   /s/ Sandy J. Battista
                                   Sandy J. Battista, #M-15930
                                   Plaintiff/Pro-se
                                   Mass. Treatment Center
                                   30 Administration Rd.
                                   Bridgewater, Mass. 02324

Case 1:04-cv-10378-RGS     Document 1     Filed 02/25/2004     Page 4 of 6

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Castles, Martin entered on 1/14/2004 at 4:30 PM EST and filed on 1/14/2004
Case Name: Battista v. Conte, et al
Case Number: 4:02-cv-40181
Filer:
WARNING: CASE CLOSED on 07/24/2003
Document Number:

Docket Text:
Judge Nathaniel M. Gorton : Electronic ORDER entered granting [20] Motion for Leave to Appeal in forma pauperis. (cc/cl) (Castles, Martin)

The following document(s) are associated with this transaction:


4:02-cv-40181 Notice will be electronically mailed to:

4:02-cv-40181 Notice will not be electronically mailed to:

Sandy J. Battista
Massachusetts Treatment Center
30 Administration Road
Bridgewater, MA 02324-3230

Annette C. Benedetto
Department of Attorney General
McCormack Building
One Ashburton Place
Boston, MA 02208

# United States Court of Appeals
## For the First Circuit

No. 03-2220

SANDY J. BATTISTA, F/K/A DAVID MEGARRY,

Plaintiff, Appellant,

v.

JOHN J. CONTE, ET AL.,

Defendants, Appellees.

ORDER OF COURT

Entered: December 19, 2003

Since appellant, as a civilly committed patient at the Massachusetts Treatment Center, is not a prisoner under the terms of the Prison Reform Litigation Act, see Perkins v. Hedricks, 340 F.3d 582, 583 (8th Cir. 2003); Troville v. Venz, 303 F.3d 1256, 1559-60 (11th Cir. 2002); Yoder v. Patla, 234 F.3d 1275 (7th Cir. 2000); Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000), the order of this court, dated September 22, 2003, denying appellant's request to be afforded in forma pauperis status is vacated.

Appellant's motion to be allowed to file his appeal in forma pauperis is denied, without prejudice to his seeking such status in the district court. See Fed. R. App. P. 24(a)(1).

By the Court:

Richard Cushing Donovan, Clerk.

cc:  Sandy J. Battista
     Annette C. Benedetto, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,
            Plaintiff,

            Civil Action

v.

            No. 03-11161-NG

FORENSIC HEALTH SERVICES INC.,
            Defendant.

### ORDER ON MOTION TO WAIVE FILING FEES AND COSTS

Having considered the plaintiff's Motion to Waive Filing Fees and Costs under 28 U.S.C. § 1915;

☒    In accordance with Fed. R. Civ. P. 5(e), the clerk assigned this action Civil Action No. 03-11161-NG.

It is ORDERED that:

☒    The motion to waive filing fees and costs is GRANTED.

☒    It is FURTHER ORDERED that the clerk issue summons and the United States marshal serve a copy of the complaint, summons and this order upon the defendant(s) as directed by the plaintiff with all costs of service to be advanced by the United States.

☐    It is FURTHER ORDERED that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e) without further notice after thirty-five (35) days from the date of this Order, unless before that time plaintiff shows good cause, in writing, why this case should not be dismissed for the reasons stated in the accompanying memorandum.

☐    It is FURTHER ORDERED that the application is DENIED for the reasons stated in the accompanying memorandum.

 12/23/03                              /s Nancy Gertner
DATE                                 UNITED STATES DISTRICT JUDGE

(ifpnonpr.ord - 9/20/96)                                                                 [oifp.]