UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,
    Plaintiff,

vs.

COMMONWEALTH OF MASSACHUSETTS,
in it's individual and official
capacities,
    Defendant.

)
)
)
)
)   **CIVIL ACTION**
)   **NO.**
)
)
)
)

## V E R I F I E D   C O M P L A I N T

    Plaintiff, Sandy J. Battista, a involuntarily civilly committed patient at the Massachusetts Treatment Center, committed under G.L. Ch.123A, §14(d), as amended, states:

### INTRODUCTION:

    This is a Civil Rights Action for declaratory and injunctive relief under 28 U.S.C. §§2201-02, alleging a "controversy" between the parties. Whereas, the plaintiff maintains that, in interpreting the Legislature's intent of the "temporal reach" of St.1999, c.74, the defendant was required to first look to the history of the law, any formal communications from the Governor to the General Court, and whether the amendment changed the standards of proof and persuasion in a way favorable to the Commonwealth. Which clearly directs a prospective application of the statute. The defendant maintains to the contrary.

    The plaintiff further alleges that, the defendant's failure to employ these general well-settled principles of statutory construction in interpreting the Legislature's intent of

the "temporal reach" of St.1999, c.74, was "knowingly" and "intentionally" to obtain otherwise unobtainable jurisdiction over the plaintiff, whose governing offense predated the effective enactment date of the statute, which constitutes "bad faith" or "otherwise unusual circumstances" under Younger vs. Harris, 401 U.S. 37, 54 (1971), justifying this Court's intervention. The plaintiff seeks an injunction against the defendant from further prosecution under St.1999, c.74.

## JURISDICTION:

This Court has jurisdiction over the subject matter of the enclosed Complaint under 28 U.S.C. §§1331-32, and 1343.

This Court has supplemental jurisdiction over any of the plaintiff's state law claims under 28 U.S.C. §1367.

## PARTIES:

1) The Plaintiff, Sandy J. Battista("Battista"), is and was at all times relevant to this Complaint a citizen of the United States, and of the Commonwealth of Massachusetts. Involuntarily civilly committed under G.L. Ch.123A, §14(d), as amended through St.1999, c.74, §§3-8. Committed to the Department of Correction, housed at the Mass. Treatment Center, located at 30 Administration Rd., Bridgewater, Mass. 02324. The plaintiff sues in her own behalf.

2) The Defendant, Commonwealth of Massachusetts("Commonwealth"), is and was at all times relevant to this Complaint the entity and executive branch legally responsible for the enactment of St.1999, c.74, and interpreting the Legislature's in-

tent to the "temporal reach" of the statute, the subject of the enclosed Complaint. Defendant Commonwealth is sued in it's individual and official capacities.

## STATEMENT OF RELEVANT FACTS:

3) On 2/28/83, plaintiff pled guilty to Worcester County Grand Jury Indictment Nos.83-101423-24-25, charging: one count of Rape of a Child(unnatural); one count of Robbery(not being armed); and one count of Kidnapping.

4) Plaintiff was subsequently sentenced to concurrent terms of 12-20 years in State Prison.

5) In or about September, 1999, the Legislature enacted St.1999, c.74. ("C.74").

6) C.74, passed with an emergency preamble and effective on passage, has three major parts. First, c.74 repeals and replaces the sex offender registry law originally passed in 1996. C.74, §2. Second, c.74 revives the statutory authorization for the civil commitment of "Sexually Dangerous Persons"("SDP"). Id., §§3-8. Finally, c.74 creates a new system of community parole supervision for life for certain offenses and offenders. Id., §§9,13,14. Exhibit-A. The only provision of c.74 at issue in this Complaint are those concerning SDP's.

7) C.74 clearly expands the definition of a SDP from that previously in use, and adds five additional sections to G.L. Ch.123A which establish new procedures for adjudicating persons as being sexually dangerous. Id. Compare with Exhibit-B(St.1958, c.646)("c.646"), and with Exhibit-C(St. 1985, c.752)("c.752").

8) It is apparent that c.74 changes the standards of proof

-4-

and persuasions in a way favorable to the Commonwealth, from
that previously in use. Id.

9) C.74 provides no language as to the Legislature's in-
tent to the "temporal reach" of the statute. Id., at Exhibit-A.

10) In interpreting the Legislature's intent to the "tem-
poral reach" of a given statute, court's are guided by the gen-
eral "tools of statutory construction." These principles require
court's to first "look to the history of the law, any formal
communications from the Governor to the General Court, and
whether the amendment changes the standards of proof and per-
suasions in a way favorable to the state."

11) The history of G.L. Ch.123A, clearly reveals that the
Legislature intended any amendments only to apply to persons
who were "convicted on or after the effective date of the
statute." Id., Exhibit-B(at page 10, SECTION 4).

12) Formal communications from the Governor to the General
Court also clearly reveals that the Legislature intended the
"temporal reach" of c.74 only to apply to persons who were
"convicted on or after the effective date of the statute." See,
e.g., Exhibit-D(at page 2).

13) In or about September, 2000, the Commonwealth, in
interpreting the Legislature's intent to the "temporal reach"
of c.74, failed to employ the above general tools of statutory
construction. See generally, Commonwealth vs. Bruno, 432 Mass.
489 (Mass. 2000).

14) The Commonwealth "knowingly and intentionally" failed
to employ the above general tools of statutory construction,

"to obtain otherwise unobtainable jurisdiction to prosecute
the plaintiff under c.74."

15) In or about May, 2001, the Commonwealth filed it's
ex parte petition under c.74 seeking a determination as to the
plaintiff's alleged "sexual dangerousness." See Commonwealth
vs. Sandy J. Battista, WORCV01-1108-C.

16) The significant role played by the Commonwealth, in
failing to employ the above general "tools of statutory const-
ruction" in interpreting the Legislature's intent to the "tem-
poral reach" of c.74, is one which cannot be eliminated by the
plaintiff's defense to the Commonwealth's prosecution.

17) In or about July, 2002, the Commonwealth, in deciding
a factually similar question under c.74, clearly employed the
above general "tools of statutory construction" in interpreting
the Legislature's intent with regard to the ambiguity of section
12 of c.74. See Commonwealth vs. McLeod, 437 Mass. 286, 290 n.8
(Mass. 2002)("Our interpretation of the current version of G.L.
c.123A, as amended in 1999, is in accordance with the commitment
procedures under the prior version of the statute").

18) The threat to plaintiff's federally protected rights,
and the potential deprivation of her liberty is both "great and
immediate," and is "irreparable."

19) An actual "controversy" exists between the parties as
to the proper "construction" of the Legislature's intent to the
"temporal reach" of c.74.

20) There exists no dispute between the parties as to the
"constitutionality" of c.74.

21) There exists no dispute between the parties that
the periods between 1990 (the date in which the prior ver-
sions of c.74 were abolished) to September 10, 1999 (the date
of enactment of c.74), there existed "no history to c.74."

22) It is the position of the plaintiff, from the facts
set forth above, the proper construction of the Legislature's
intent to the "temporal reach" of c.74 should exclude the
time periods in which there existed "no history to c.74."
The "period" in question is directed during the time periods
at which time the prior versions of c.74 was in effect. During
these time periods the law was clear and explicit, any amend-
ments to c.74 "only applied to persons 'convicted on or after
the effective date of enactment.'" Exhibit-C(at page 10,
SECTION 4).

CAUSES OF ACTION:

COUNT I

23) The plaintiff reasserts the allegations contained in
paragraphs 1 through 22 of the Complaint, as if fully set forth
herein.

24) Well-settled general "tools of statutory construction"
in interpreting the Legislature's intent to the "temporal re-
ach" of a given statute, require court's to: First, look to
the history of the law, second, review any formal communicat-
ions from the Governor to the General Court, and third, deter-
mine whether the amended statute changes the standards of pr-
oof and persuasions in a way favorable to the State.

## COUNT II

25) The plaintiff reasserts the allegations contained in paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

26) The history of G.L. Ch.123A clearly reveals that the Legislature intended the "temporal reach" to apply only to persons convicted on or after the effective date of enactment of the statute.

## COUNT III

27) The plaintiff reasserts the allegations contained in paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

28) The document attached to the Complaint and marked as Exhibit-D clearly reflects a statement from the Governor to the General Court that any amendments in G.L. Ch.123A should "not apply to persons convicted prior to the effective date of enactment of the statute."

## COUNT IV

29) The plaintiff reasserts the allegations contained in paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

30) The Commonwealth in interpreting the Legislature's intent to the "temporal reach" of c.74 failed to employ the well-settled "tools of statutory construction, " which constitutes "bad faith" or "otherwise unusual circumstances" under Younger vs. Harris, 401 U.S. 37, 54 (1971), justifying this

-8-

court's intervention.

## COUNT V

31) The plaintiff reasserts the allegations contained in paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

32) The Commonwealth's application of c.74 to the plaintiff operates "retroactively," in violation of both state and federal constitutions.

WHEREFORE, it is respectfully prayed that this Court grant the plaintiff the following relief:

(a) a declaratory judgment that the Commonwealth in interpreting the Legislature's intent to the "temporal reach" of c.74 failed to employ general "tools of statutory construction," constituting "bad faith" or "otherwise unusual circumstances" under Younger vs. Harris, 401 U.S. 37, 54 (1971), justifying this court's intervention;

(b) a declaratory judgment that the Legislature intended the "temporal reach" of c.74 only to apply to persons who were convicted on or after the effective date of the statute;

(c) a declaratory judgment that c.74 changes the standards of proof and persuasions in a way favorable to the Commonwealth, from that previously in use;

(d) a declaratory judgment that applying c.74 to the plaintiff operates retroactively in violation of both state and federal constitutions;

(e) an enjunction enjoining the Commonwealth from any

-9-

further prosecution of the plaintiff under c.74;

(f) an award of attorney fees, costs and interest in-curred in this action; and

(g) such other and further relief as this court deems just and proper in the premises.


Dated: *2/23/04*.                 Respectfully submitted,

                                  *[signature]*
                                  Sandy J. Battista, #M-15930
                                  Plaintiff/Pro-se
                                  Mass. Treatment Center
                                  30 Administration Rd.
                                  Bridgewater, Mass. 02324


## CERTIFICATE OF VERIFICATION

I, Sandy J. Battista, being duly sworn, deposes and says that deponent is the plaintiff in the above-captioned proceeding, that she has read the foregoing Complaint and knows the contents thereof, that the same is true to deponent's own personal knowl-edge and belief, except as to those matters alleged upon infor-mation and belief, which matters deponent believes to be true and accurate.

Signed under the pains and penalties of perjury this

*23 rd* day of February, 2004.


                                  *[signature]*
                                  Sandy J. Battista, #M-15930
                                  Depondent/Plaintiff/Pro-se
                                  Mass. Treatment Center
                                  30 Administration Rd.
                                  Bridgewater, Mass. 02324