the following meaning:-Any person whose misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by repetitive or compulsive behavior and either violence, or aggression by an adult against a victim under the age of sixteen years, and who as a result is likely to attach or otherwise inflict injury on the objects of his uncontrolled or uncontrollable desires.

*Section 2.* The commissioner of mental health shall establish and maintain, subject to the jurisdiction of the department of mental health, a treatment center, hereinafter in this chapter called the center, at a correctional institution approved by the commissioner of correction, for the care, custody, treatment and rehabilitation of persons described in section one. The commissioner of mental health shall properly staff and keep properly staffed said center, and with the consent of the commissioner of correction, may establish branches of said center at suitable correctional institutions in the commonwealth. The commissioner of mental health may also establish branches of said center at any suitable facility of the department of mental health. Any branch shall be deemed to be a part of said center for the purposes of this chapter, or for such limited purposes as the commissioner of mental health shall designate.

*Section 3.* Notwithstanding any other provision of law when a person is brought before a district court charged with the crime of indecent assault or indecent assault and battery, indecent assault and battery on a child under the age of fourteen, open and gross lewdness and lascivious behavior, unnatural and lascivious acts with another person or with a child under the age of sixteen, lewd, wanton and lascivious behavior

or indecent exposure, or an attempt to commit any such crime, the court shall, if it appears that said person is guilty of the crime and appears to be a sexually dangerous person, commit or bind over said person for trial in the superior court. In such cases the clerk of the district court shall forthwith transmit to the clerk of the superior court a copy of the complaint and of the record, the original recognizances, a list of the witnesses, a statement of the expenses and the appearance of the attorney for the defendant, if any is entered, and the report of the department of mental health as to the mental condition of the defendant if such report has been filed under the provisions of section one hundred A of chapter one hundred and twenty-three, and no other papers need be transmitted.

Section 4. Upon the determination of guilt of a person in the superior court of the crime of indecent assault or indecent assault and battery, indecent assault and battery on a child under the age of fourteen, rape, rape of a female child under sixteen, carnal knowledge and abuse of a female child under sixteen, assault with intent to commit rape, open and gross lewdness and lascivious behavior, incest, sodomy, buggery, unnatural and lascivious acts with another person or with a child under the age of sixteen, lewd, wanton and lascivious behavior or indecent exposure, or an attempt to commit any such crime, the court, may, upon its own motion or upon motion of the district attorney, prior to imposing sentence, commit him to the center or to a suitable branch thereof for a period not exceeding sixty days for the purpose of examination and diagnosis under the supervision of not less than two psychiatrists who shall, within said period, file with said court a written report of such examination and diagnosis, and their

R.A. 281

A-3

recommendations for the disposition of such person. The court shall supply to the examining psychiatrists copies of the court record, and the probation officer shall supply them with the probation record of the person committed for examination. The probation record shall contain a history of such person's previous offenses and previous psychiatric examinations and such other information as may be helpful to assist such psychiatrists in making their diagnosis.

*Section 5.* If the report filed with the court under section four clearly indicates that such person is a sexually dangerous person, the court shall give notice to such person that a hearing will be held to determine whether or not he is a sexually dangerous person.

Upon the motion of such person or upon its own motion the court shall, if necessary to protect the rights of such person, appoint counsel for him. Such person shall be entitled to have process issued out of the court to compel the attendance of witnesses in his behalf. Upon such hearing it shall be competent to introduce evidence of the person's past criminal and psychiatric record and any other evidence that tends to indicate that he is a sexually dangerous person. Any psychiatric report filed under this chapter shall be admissible in evidence in such proceeding. The court may, in its discretion, exclude the general public from attendance at such hearing, and the proceeding shall be summarized in writing.

If the court finds upon such hearing that the person is not a sexually dangerous person, it shall proceed as provided by law upon a determination of guilt of the original offense. If the court finds that the person is a sexually dangerous person, it may, in

24, 282

A-4

lieu of the sentence required by law for the original offense, commit such person to the center, or a branch thereof, for an indeterminate period of a minimum of one day and a maximum of such person's natural life. The court may grant probation or suspend the commitment upon the condition that such person receive out-patient treatment and upon any other condition it might deem suitable, if the department of mental health recommends such person as a suitable subject for such out-patient treatment. The court shall forward its order to the commissioner of correction who shall thereupon transfer the person to the center, or a branch thereof, for the purpose of treatment and rehabilitation, where he shall be held until released under the provisions of section nine. Persons committed shall be subject to all laws, rules and regulations which govern inmates of the institution to which they have been committed, in so far as may be compatible with the treatment provided for by this chapter, and they shall be entitled to such rights and privileges of such inmates, in so far as may be compatible with such treatment.

*Section 6.* If a prisoner under sentence in any jail, house of correction or prison, or in the custody of the youth service board, appears to the sheriff, keeper, master, superintendent or director of the youth service board who has him in custody or to the district attorney for the district in which such prisoner was sentenced to be a sexually dangerous person and in need of the care and treatment provided at the center, such officer may notify the commissioner of mental health, who shall thereupon cause such prisoner to be examined by a psychiatrist at the institution wherein he is confined. Such psychiatrist shall report the results of his examination in writing to the sheriff,

keeper, master or superintendent, director of the youth service board or district attorney, and if such report indicates that such person may be a sexually dangerous person, the sheriff, keeper, master or superintendent, director of the youth service board or district attorney shall thereupon transmit the report to the clerk of the courts for the county wherein such prisoner was sentenced, and if such prisoner was sentenced in Suffolk county, to the clerk of the superior court for the transaction of criminal business, together with a motion to commit such person to the center or a suitable branch thereof for examination and diagnosis for a period not exceeding sixty days. The court shall act upon such motion speedily, and if it grants the motion, shall commit such person under the provisions of section four in so far as may be applicable.

If there be no sitting of the superior court in the appropriate county at the time the motion and report is transmitted to the clerk, the clerk shall then transmit a copy of the motion and report to the chief justice of the superior court, who may act upon the motion.

If the report of the psychiatrists to the court as required under section four, indicates that such prisoner is not a sexually dangerous person, the court shall order such prisoner to be reconveyed to the institution wherein he was serving his sentence, there to be held until the termination of his sentence or until otherwise discharged.

If such report clearly indicates that such prisoner is a sexually dangerous person, the clerk shall thereupon notify the court and the district attorney, and the district attorney shall file a petition for commitment

of the prisoner to the center, or a branch thereof, for treatment and rehabilitation, and he shall give notice to the prisoner or to his parents, spouse, issue, next of kin guardian, or next friend, if it appears to the district attorney that such prisoner is incapable of conducting his contest to the report. The court may require such further notice as it deems necessary to protect the interest of the prisoner, may continue the hearing pending such notice and may appoint a guardian ad litem, if necessary. The hearing shall be conducted in the manner described in section five.

Pending the completion of such hearing, the court may order that the prisoner be retained in the custody of the superintendent of the institution in which the center, or branch thereof, is located or may commit him to the custody of a sheriff or keeper of a jail or place of detention, until such time as the matter is heard on the merits.

If the court finds that the prisoner is not a sexually dangerous person, it shall order him to be reconveyed to the institution wherein he was serving his sentence, there to be held until the termination of his sentence or until otherwise discharged. If the court finds that such prisoner is a sexually dangerous person, it shall commit him to the center, or a branch thereof, for an indeterminate period of a minimum of one day and a maximum of such person's natural life, for the purpose of treatment and rehabilitation, or it may commit such person to a mental institution or place him upon out-patient treatment, or make such other disposition upon the recommendation of the department of mental health consistent with the purpose of treatment and rehabilitation. Such prisoner shall be held in custody under sufficient security to protect society, and

24, 285

A-7

he shall be subject to laws, rules and regulations which govern inmates of the institution to which he has been committed, in so far as may be compatible with the treatment provided for by this chapter, and he shall be entitled to such rights and privileges of such inmates, in so far as may be compatible with such treatment.

*Section 7.* Any attorney retained by or on behalf of any person committed to the center shall be admitted to visit such person at reasonable times if in the opinion of the commissioner of mental health such visit would not be injurious to such person, or if a justice of the superior court orders in writing that such visit shall be allowed. Such attorney upon request shall be entitled to receive from the clerk of the court a copy of the report of the examining psychiatrists filed under section four.

*Section 8.* Any person believing himself to be suffering from a physical or mental condition which may result in sexual trends dangerous to the welfare of the public may make application to the department of mental health upon forms prescribed by said department for admission to the treatment center, or a suitable branch thereof. All information pertaining to this application shall be confidential, and may not be used in any criminal proceeding or proceeding under this chapter against such person. Subject to such rules and regulations and conditions relative to payment therefor, as the commissioner shall prescribe, persons may be admitted to the center or a suitable branch thereof, for examination, diagnosis and treatment.

*Section 9.* Any person committed to the center for treatment and rehabilitation under section five or section six shall be eligible

for parole. Such person shall be presented to the parole board for consideration for parole by the superintendent of the institution in which the center, or a branch thereof, is located, with the recommendations of the department of mental health, at least once during the first twelve months following commitment and at least once in every three-year period thereafter, and at any time upon the recommendation of two psychiatrists appointed by the commissioner of mental health that he is a fit person for parole. The parole board shall carefully and thoroughly consider the reports of the department of mental health concerning the progress of such person, as well as any other information it deems relevant, and may grant such person a parole permit to be at liberty upon such terms and conditions as it shall prescribe, including the condition he receive out-patient treatment, and any other condition that the commissioner of mental health, may recommend. Such terms and conditions may be revised, altered, amended or revoked by the parole board at any time. The violation by the holder of a parole permit to be at liberty of any of the terms or conditions of such permit, or of any law of, the commonwealth, shall render such permit void. The parole board may revoke such permit at any time. If such permit has become void or has been revoked the parole board may order the arrest of the holder of such permit by any officer qualified to serve civil or criminal process in any county, and the return of such holder to the center for further treatment under confinement. A person who has been so returned to the center shall be detained therein according to the terms of his original commitment.

Notwithstanding any provisions of this section, any person committed to the center, or a branch thereof, shall be entitled to

24, 287

A-9

examined. All records concerning the progress, diagnosis and examinations made by examining psychiatrists shall be available to the parole board to assist them in their determinations of parole.

Section 10. The commissioner of mental health may make available on a voluntary and confidential basis the facilities of the department of mental health to persons who are victims of sexual attack.

Section 11. If any of the provisions of this chapter shall be held invalid or unconstitutional in relation to any of the applications thereof, such invalidity or unconstitutionality shall not affect other applications thereof or other provisions thereof; and to this end the provisions of this chapter are declared to be severable.

Section 12. Notwithstanding any provision of chapter one hundred and twenty-three A of the General Laws, as appearing in section one of this act, any person who was committed to the treatment center for sexual offenders or who is awaiting a hearing on a petition for commitment thereto, under the provisions of chapter one hundred and twenty- three A of the General Laws as in effect immediately prior to the effec- tive date of this act, shall, within sixty days after said effective date, be given a psychiatric examination by the department of mental health, and the names and addresses of all such persons awaiting a trial or hearing who are subject to the provisions of said chapter one hundred and twenty-three A, as in effect immediately prior to the effective date of this act, shall be forwarded forthwith by the clerk of the court having jurisdiction to the commissioner of mental health. If such examination shows that such person is not a sexually dangerous person, as defined in

R.A. 288

A-11

section one of chapter one hundred and twenty-three A of the General Laws, as appearing in section one of this act, but had been committed under the provisions of chapter one hundred and twenty-three A of the General Laws, as in effect immediately prior to the effective date of this act, he shall be released from said commitment center and returned to the jurisdiction of the department of correction to serve the remainder of his original sentence, if any. If such examination shows that such person is a sexually dangerous person, as defined in section one of chapter one hundred and twenty-three A of the General Laws, as appearing in section one of this act, he shall have the privilege of subjecting himself to the provisions of section nine of said chapter one hundred and twenty-three A, as so appearing.

*Approved October 15, 1958.*

RA, 289

A-12