

S 2441

Chapter 752

*The Commonwealth of Massachusetts*

*In the Year One Thousand Nine Hundred and Eighty-five*

# AN ACT RELATIVE TO THE TREATMENT AND RELEASE OF SEXUALLY DANGEROUS PERSONS.

*Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:*

SECTION 1.  Chapter 123A of the General Laws, as appearing in the 1984 Official Edition, is hereby amended by striking out sections 1 to 11, inclusive, and inserting in place thereof the following twelve sections:—

Section 1.  The following words and phrases when used in this chapter shall, except as otherwise provided, have the following meanings:

"Qualified examiner" a physician who is licensed persuant to section two of chapter one hundred and twelve who is either certified in psychiatry by the American Board of Psychiatry and Neurology or eligible to be so certified, or a psychologist who is licensed persuant to sections one hundred and eighteen to one hundred and twenty-nine of chapter one hundred and twelve; provided that the examiner has had two years of experience with diagnosis or treatment of sexually aggressive offenders and is designated by, and satisfies the qualifications required by, the department of mental health. A "qualified examiner" need not be an employee of the department or of any facility of the department.

"Sexual offense", includes any of the following crimes: indecent assault and battery on a child under fourteen under the provisions of section thirteen B of chapter two hundred and sixty-five; indecent assault and battery on a mentally retarded persons under the provisions of section thirteen F of chapter two hundred and sixty-five; indecent assault and battery on a person who has obtained the age of fourteen under the provisions of section thirteen H of chapter two hundred and sixty-five; rape under the provisions of section twenty-two of chapter two hundred and sixty-five; rape of a child under

S 2441

sixteen with force under the provisions of section twenty-two A of chapter two hundred and sixty-five; rape and abuse of a child under sixteen under the provisions of section twenty-three of chapter two hundred and sixty-five; assault with intent to commit rape under the provisions of section twenty-four of chapter two hundred and sixty-five; unnatural and lascivious acts with a child under the age of sixteen under the provisions of section thirty-five A of chapter two hundred and seventy-two; and any attempt to commit any of the above listed crimes under the provisions of section six of chapter two hundred and seventy-four.

"Sexually dangerous person" any person whose misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by repetitive or compulsive sexual misconduct by either violence against any victim, or aggression against any victim under the age of sixteen years, and who, as a result, is likely to attack or otherwise inflict injury on such victims because of his uncontrolled or uncontrollable desires.

Section 2.   The commissioner of mental health shall establish and maintain subject to the jurisdiction of the department of mental health a treatment center, hereinafter referred to in this chapter as the "center", or branch thereof at a correctional institution approved by the commissioner of correction for the care, custody, treatment and rehabilitation of persons described as being sexually dangerous. The commissioner of correction shall appoint custodial personnel who shall be subject to the control of the commissioner of mental health with respect to the care, treatment and rehabilitation of persons in their custody, but who shall at all times be under the administrative, operational and disciplinary control of the commissioner of correction. The commissioner of mental health shall appoint to such center, in addition to the personnel appointed by the commissioner of correction, adequate personnel for the care, treatment and rehabilitation of such persons committed to the center or branch thereof.

Section 3   Notwithstanding any other provisions of law, when a person is brought before a district court charged with a sexual offense, as defined in section one, the court shall, if it appears that said person is guilty of the crime and appears to be a sexually dangerous person, commit or bind over said person for trial in the superior court. In such cases the clerk of the district court shall forthwith

*immediate*

S 2441

transmit to the clerk of the superior court a copy of the complaint and of the record, the original recognizances, a list of the witnesses, a statement of the expenses and the appearance of the attorney for the defendant, if any is entered, and the report of the department of mental health as to the mental condition of the defendant, if such report has been filed under the provisions of section fifteen of chapter one hundred and twenty-three. No other papers need be transmitted.

Section 4. Upon the determination of guilt of a person in the superior court of a sexual offense, as defined in section one, the court may, on its own motion or upon motion of the commonwealth, prior to imposing sentence, cause the person to be examined by a qualified examiner at the court or jail in which the person is held, or at any other place if the person is not in custody. The examiner shall conduct a screening examination for sexual dangerousness, and shall report within ten days to the court in writing on a form provided by the commonwealth. Such report shall include the examiner's recommendation as to whether or not the person examined should be committed to the center for further observation and diagnosis.

With or without a screening examination, the court may, on its own motion or upon the motion of the commonwealth, commit the person to the center for a period not exceeding sixty days for the purpose of examination and diagnosis under the supervision of two qualified examiners who shall, within said period, file with the court a written report of the examination and diagnosis, and their recommendations for the disposition of such person.

The court shall supply to the qualified examiners copies of the juvenile and adult court records, and the probation officer shall supply them with the juvenile and adult probation record of the person committed for examination. The probation record shall contain a history, where available, of such person's previous adult and juvenile offenses and previous psychiatric and psychological examinations and such other information as may be helpful to the examiners in making their diagnosis. The district attorney shall provide the examiners with a narrative summary of the facts, where available, of each sexual offense of which the person has been convicted as an adult or a juvenile.

Section 5. If, after a person's sixty day period of observation, the report filed with the court by the two qualified examiners clearly indicates that the person is a sexually dangerous person, the

S 2441

court shall give notice to such person that a hearing will be held to determine whether or not he is a sexually dangerous person. If said report does not clearly indicate that the person is a sexually dangerous person, the court shall proceed to impose sentence as provided by law for the original offense.

Upon the motion of a person for whom a hearing is to be held or upon its own motion, the court shall, if necessary to protect the rights of such person, appoint counsel for him. Such person shall be entitled to have process issued from the court to compel the attendance of witnesses in his behalf. Upon such hearing it shall be competent to introduce evidence of the person's juvenile and adult court and probation records, psychiatric and psychological records, and any other evidence that tends to indicate that he is a sexually dangerous person. Any qualified examiner's report filed under this chapter shall be admissable in evidence in such hearing.

If the court finds upon such hearing that the person is not a sexually dangerous person, it shall proceed to impose sentence as provided by law for the original offense. If the court finds upon such hearing that the person is a sexually dangerous person, it shall sentence such person as provided by law for the original offense and may also commit such person to the center, or branch thereof, for an indeterminate period of a minimum of one day and a maximum of such person's natural life. A person who is both committed and sentenced under this section shall serve such sentence concurrently with the commitment. The court shall forward its order to the commissioner of correction who shall thereupon transfer the person to the center, or a branch thereof, for the purpose of treatment and rehabilitation, where he shall be held until discharged therefrom under the provisions of section nine. Persons committed shall be subject to all laws, rules and regulations which govern inmates of the institution to which they have been committed insofar as may be compatible with the treatment provided for by this chapter, and they shall be entitled to such rights and privileges of such inmates as may be compatible with such treatment.

Section 6. If a prisoner under sentence in any jail, house of correction or prison, or in the custody of the department of youth services, engages in sexually assaultive behavior while under such sentence or in such custody and appears to the sheriff, keeper, master, superintendent or

S 2441

director of the facility in which he is under sentence or in custody to be a sexually dangerous person and in need of the care and treatment provided at the center, such officer may notify the commissioner of mental health, who shall thereupon cause such prisoner to be examined by a qualified examiner at the institution wherein he is confined. Such officer shall also provide a written report of such notification of the commissioner of mental health, including a statement of such sexually assaultive behavior, to the commissioner of correction, the commissioner of youth services, the sheriff, or, for prisoners confined in institutions in Suffolk county, the penal institutions commissioner of Boston, as appropriate. Such qualified examiner shall report the results of his examination in writing to the appropriate commissioner or sheriff, and if such report indicates that such person may be a sexually dangerous person, the appropriate commissioner or sheriff, after having notified said person of the nature of the proceedings and the possibility of his commitment to the center, may thereupon transmit the report to the clerk of the courts for the county wherein such prisoner was sentenced, and if such prisoner was sentenced in Suffolk county, to the clerk of the superior court for the transaction of criminal business, together with a motion to commit such person to the center or a suitable branch thereof for examination and diagnosis for a period not exceeding sixty days. At least fourteen days prior to acting upon said motion, the court shall notify said person that it is considering his commitment to the center or a suitable branch thereof for a period not exceeding sixty days, and shall inform said person of his right to be represented by counsel during the pendency of said motion or any subsequent commitment petition. If the court grants the motion, it shall commit such person under the provisions of section four insofar as may be applicable.

If there be no sitting of the superior court in the appropriate county at the time the motion and report are transmitted to the clerk, the clerk shall then transmit a copy of the motion and report to the administrative justice for the superior court department, who may act upon the motion.

If the report of the qualified examiners to the court as required under section five indicates that such prisoner is not a sexually dangerous person, the court shall order such prisoner to be reconveyed to the institution wherein he was serving his sentence, there to be held until the termination of his sentence or until otherwise discharged.

S 2441

If such report clearly indicates that such prisoner is a sexually dangerous person, the clerk shall thereupon notify the court and the district attorney, and the district attorney shall file a petition for commitment of the prisoner to the center, or a branch thereof, for treatment and rehabilitation, and he shall give notice to the prisoner or to his parents, spouse, issue, next of kin, guardian, or next friend, if it appears to the district attorney that such prisoner is incapable of conducting his contest to the report. The court may require such future notice as it deems necessary to protect the interest of the prisoner, may continue the hearing pending such notice and may appoint a guardian ad litem, if necessary. The hearing shall be conducted in the manner described in section five.

Pending the completion of such hearing, the court may order that the prisoner be retained in the custody of the superintendent of the institution in which the center, or branch thereof, is located or may commit him to the custody of a sheriff or keeper of a jail or place of detention, until such time as the matter is heard on the merits.

If the court finds that the prisoner is not a sexually dangerous person, it shall order him to be reconveyed to the institution wherein he was serving his sentence, there to be held until the termination of his sentence or until otherwise discharged. If the court finds that such prisoner is a sexually dangerous person, it shall commit him to the center, or a branch thereof, for an indeterminate period of a minimum of one day and a maximum of such person's natural life, or it may commit such person to a mental institution or place him upon outpatient treatment, or make such other disposition upon the recommendation of the department of mental health consistent with the purpose of treatment and rehabilitation. A person who is committed under this section shall serve his sentence concurrently with the commitment. The court shall forward its order to the appropriate commissioner or sheriff who shall thereupon transfer the person to the center, or a branch thereof, for the purpose of treatment and rehabilitation, where he shall be held until discharged therefrom under the provisions of section nine. Persons committed shall be subject to all laws, rules and regulations which govern inmates of the institution to which they have been committed insofar as may be compatible with the treatment provided for by this chapter, and they shall be entitled to such rights and privileges of such inmates as may be compatible with such treatment.

S 2441

Section 6A. Except as provided in section eight, any person committed as a sexually dangerous person to the center or a branch thereof under the provisions of this chapter shall be held in secure custody.

Section 7. Any person believing himself to be suffering from a physical or mental condition which may result in sexual trends dangerous to the welfare of the public may make application to the department of mental health upon forms prescribed by said department for admission to the center, or a suitable branch thereof. All information pertaining to this application shall be confidential, and may not be used in any criminal proceeding or proceeding under this chapter against such person. Subject to such rules and regulations and conditions relative to payment therefor, as the commissioner of mental health shall prescribe, persons may be admitted to the center or a suitable branch thereof, for examination, diagnosis and treatment.

Section 8. The department of mental health shall establish a program at the center, which program shall provide, in a manner consistent with security considerations, for the restrictive integration of the patient into a non-custodial environment. Said program shall be administered persuant to the rules and regulations promulgated by the department of mental health. A person shall be eligible for such a program if (a) he has completed at least two years custody within the center, and (b) restrictive integration is appropriate and will significantly advance his treatment, and (c) he will not present a danger to the community under the controls provided by the program.

As part of its program of restrictive integration the department of mental health shall establish a board known as the "restrictive integration review board," which board shall consist of six members appointed by the commissioner of mental health for a two year term, consistent with the rules and regulations of the department. Membership shall include the head of the Massachusetts Treatment Center custodial staff, two members of the center clinical staff and three persons who are not employees of the center, but who may be consultants. The non-employee members shall include one psychiatrist licensed by the commonwealth, one psychologist licensed by the commonwealth, and either a psychiatrist or a psychologist licensed by the commonwealth. The board shall evaluate patients at the restrictive integration program and establish conditions to ensure the safety of the community. All

S 2441

records concerning the progress, diagnosis and examinations of the person made by the qualified examiners persuant to section nine shall be available to the restrictive integration review board to assist in its determination of eligibility for restrictive integration.

The restrictive integration review board shall make periodic examinations at least once every year of any person committed to the center in order to determine the progress of treatment and the advisability of the person's participation in the restrictive integration program, and shall give a report of its findings to the administrator of the center. Such annual report shall include a statement regarding the person's current sexual dangerousness, and the findings of the restrictive integration review board. The restrictive integration review board shall update the annual report for the purposes of a hearing under section nine. The administrator of the center shall give a copy of the annual report to the district attorney for the district from which the person was committed, and to the department of the attorney general.

Any person participating in a restrictive integration program under this section shall be under constant evaluation by the center personnel to determine if he presents a danger to the community and if the program continues to advance his treatment. Any person who does not return to the center, according to the conditions of the program, will be considered an escapee, in violation of section sixteen of chapter two hundred and sixty-eight, and a warrant will issue for his arrest.

Section 9.   Any person committed to the center shall be entitled to file a petition for examination and discharge once in every twelve months. Such petition may be filed by either the committed person, his parents, spouse, issue, next of kin or any friend. The department of mental health may file a petition at any time it feels a person is no longer a sexually dangerous person. A copy of any petition filed under this subsection shall be sent within fourteen days after the filing thereof to the department of the attorney general and to the district attorney for the district where the original proceedings were commenced. Said petition shall be filed in the district of the superior court department in which said person was committed. The petitioner shall have a right to a speedy hearing on a date set by the administrative justice of the superior court department. The hearing may be held in any court or any place designated for such purpose by the administrative justice of the superior court department. The

S 2441

hearing shall be conducted in the same manner as is provided by the second paragraph of section five of this chapter. The court shall issue whatever process is necessary to assure the presence in court of the committed person. The commissioner of mental health shall appoint two qualified examiners who shall conduct examinations of the person on whose behalf such petition is filed and file with the court written reports of their examinations and diagnoses, and their recommendations for the disposition of such person. The qualified examiners shall access to all records of the person being examined. The reports of the qualified examiners shall be available to the parole board to assist in future determinations on criminal sentences. In addition to the evidence admissable persuant to section five, the updated annual report of the restrictive integration review board persuant to section eight shall be admissable in a hearing under this section. The administrator of the center or his designee may testify at the hearing regarding the annual report and his recommendations for the disposition of the petition. Unless the court finds that such person remains a sexually dangerous person, it shall order such person to be discharged from the treatment center. Discharge from the center shall not operate to terminate the sentence given concurrently with the commitment, or any other unexpired sentence. Upon such discharge, notice must be given to the center, the district attorney in the district from which the commitment first originated, and the department of the attorney general.

Section 10. Any attorney attained by or on behalf of any person committed to the center shall be admitted to visit such person at reasonable times if in the opinion of the commissioner of mental health such visit would not be injurious to such person, or if a justice of the superior court orders in writing that such visit shall be allowed. Such attorney upon request shall be entitled to receive from the clerk of the court copy of the reports of qualified examiners filed under section four, five, six and nine.

Section 11. The commissioner of mental health may make available on a voluntary and confidential basis the facilities of the department of mental health to persons who are victims of sexual attack.

SECTION 2. If any provisions of this act or the application thereof to any persons or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this act which can be given effect without the invalid provisions or applications, and to this end the

S 2441

provisions of this act are declared severable.

SECTION 3. The executive office of human services is hereby authorized and directed to conduct an investigation and study of the need for and the feasibility of utilization of the treatment center for sexually dangerous persons, or the clinical staff thereof, in the evaluation of the potential for sexually violent conduct on the part of persons committed to correctional institutions in the commonwealth and under consideration for parole or early release. Said executive office shall report the results of its study together with a descriptive of the actions being undertaken by said executive office to implement such use of the treatment center, or the staff thereof, by filing a copy of the same with the clerks of the senate and the house of representatives no later than six months after the effective date of this act.

SECTION 4. The first and third paragraphs of section five and the provisions of section six of chapter one hundred and twenty-three A of the General Laws shall apply only to persons sentenced for offenses committed on or after the effective date of this act. Said provisions as they appeared prior to the effective date of this act shall apply to persons sentenced for offenses committed prior to said effective date.

All other provisions of said chapter one hundred and twenty-three A shall apply to all persons awaiting trial, under examination, under commitment for examination or diagnosis, under sentence, or under commitment as a sexually dangerous person as of the effective date of this act and to all persons sentenced on or after the effective date of this act. Nothing contained in this act shall be construed as affecting the validity of any procedure instituted under the former provisions of said chapter one hundred and twenty-three A.

House of Representatives, December 26, 1985.

Passed to be enacted, George Keverian, Speaker.

In Senate, December 26, 1985.

Passed to be enacted, William M. Bulger, President.

January 6, 1986.

Approved, Michael Dukakis, Governor.

House of Representatives, December 26, 1985.

Passed to be enacted, *George Keverian*, Speaker.

In Senate, December 26, 1985.

Passed to be enacted, *William M. Bulger*, President.

January 6, 1986.

Approved,

*[signature]*, Governor.