UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


SANDY J. BATTISTA,            )
        Plaintiff,            )
                              )
     v.                       )   C.A. No. 04-10378-RGS
                              )
COMMONWEALTH OF MASSACHUSETTS,)
        Defendant.            )
                              )

                       MEMORANDUM AND ORDER

    For the reasons stated below, (1) plaintiff's application to proceed without prepayment of fees is denied and (2) the complaint shall be dismissed.

                              FACTS

    On February 25, 2004, plaintiff Sandy Battista filed an application to proceed without prepayment of fees and a complaint challenging Massachusetts' current civil commitment statute for "sexually dangerous" persons on the ground that it has been unconstitutionally retroactively applied to her[1] because she was convicted prior to its 1999 enactment.

    Battista is an involuntarily civilly-committed patient at the Massachusetts Treatment Center and was civilly-committed pursuant to Mass. Gen. Laws ch. 123A, § 14(d).  She has been a frequent litigant

---

[1] Battista refers to herself using the female pronoun, which the Court will adopt.  It appears that she was convicted as David Megarry, Jr.  See Fruchtman, et al. v. Weld, et al., C.A. No. 95-11221-JLT.

in this Court.[2]

ANALYSIS

I. The Application to Proceed
   Without Prepayment of Fees Is Denied

Under Section 1915 of title 28, a person seeking to proceed <u>in forma pauperis</u> must submit an affidavit that includes a "statement of all assets." 28 U.S.C. § 1915(a)(1). The decision to grant or deny a fee waiver application is within the discretion of the district court.[3] <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 217-218

---

[2]<u>Battista, et al. v. DuBois, et al.</u>, C.A. No. 94-12043-DPW (filing fee waived; granting defendants' summary judgment motions); <u>Fruchtman, et al. v. Weld, et al.</u>, C.A. No. 95-11221-JLT (filing fee waived; granting defendants' motions to dismiss); <u>Battista v. Murphy, et al.</u>, C.A. No. 98-12310-NG (denying § 2254 habeas petition); <u>Battista v. Murphy, et al.</u>, C.A. No. 02-10137-MEL ($150.00 filing fee paid; dismissed on defendants' motion) <u>aff'd</u>, No. 02-2619 (1st Cir. Oct. 6, 2003) (filing fee waived on appeal); <u>Battista v. Murphy</u>, C.A. No. 02-12384-WGY (§ 2254 petition dismissed for failure to exhaust); <u>Battista v. Conte, et al.</u>, C.A. No. 02-40181-NMG ($150.00 filing fee paid, granting defendant's motion to dismiss) <u>appeal filed</u>, No. 03-2220 (filing fee waived on appeal); <u>Battista v. Forensic Health Servs., Inc.</u>, C.A. No. 03-11161-NG (<u>sua sponte</u> dismissal under <u>Heck</u> of challenge to procedures used to commit persons under "sexually dangerous" statute) <u>appeal dismissed</u>, No. 04-1239 (1st Cir. Mar. 5, 2004); <u>Battista v. Murphy, et al.</u>, C.A. No. 03-12643-MEL (pending; complaint seeks order directing defendants to allow "surgical castration" of plaintiff); <u>Battista v. Murphy, et al.</u>, C.A. No. 04-10226-MEL (pending; challenge to Treatment Plan and conditions at Treatment Center); <u>Battista v. MacEachern, et al.</u>, C.A. No. 04-10779-DPW (challenge to alleged censorship of magazine for nudity).

[3]Although civilly-committed persons are not subject to provisions of Section 1915 requiring full payment of the filing fee by prisoners and automatic institutional account deductions, <u>see</u> <u>King</u>

(1993) (§ 1915 gives courts discretion with respect to granting <u>in forma pauperis</u> status).

As a preliminary matter, Battista has not submitted her application in the form of an affidavit and it has not been signed under pains and penalties of perjury. See <u>Quiles v. Sikorsky Aircraft</u>, 84 F. Supp. 2d 154, 160 (D. Mass. 1999) (describing requirements for affidavits; affidavits allegedly were not signed under the pains and penalties of perjury and did not indicate in which state or county they were signed); <u>cf.</u> 28 U.S.C. § 1746 (unsworn declaration executed under penalty of perjury may be substituted "with like force and effect" for a sworn declaration, oath, or affidavit).

Further, although Battista baldly states in her application that she is <u>not</u> employed at the Massachusetts Treatment Center and that she has no funds, her application to proceed without prepayment of fees in her most recently filed action, <u>Battista v. MacEachern, et al.</u>, C.A. No. 04-10779-DPW, states that she is employed at the Treatment Center and that she has approximately $1300.00 in a cash, checking or savings account.

Thus, I will deny plaintiff's application because it is not in

---

v. Greenblatt, 53 F. Supp.2d 117, 138 (D. Mass. 1999) (civilly-committed residents at treatment center not "prisoners" under § 1915), they are still subject to the other requirements of Section 1915.

the form of an affidavit and because her assertions of financial indigence appear to be at odds with her most recently-filed application.  Because the complaint is subject to dismissal for the reasons stated below, I will not grant Battista an opportunity to file a new in forma pauperis application.

  II.  The Court May Screen The Complaint

Section 1915(e)(2) authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity, or involve the infringement of a legal interest which clearly does not exist.  See Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915(d)); accord Denton v. Hernandez, 504 U.S. 25, 32 (1992)("clearly baseless" actions may be dismissed); Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (when subject-matter jurisdiction is lacking, there also is no arguable or rational basis in law

for a claim).  In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory.  Id.; Denton, 504 U.S. at 32-33.

    A.   The Declaratory Judgment Act Does Not Provide An Independent Source of Jurisdiction

Battista purports to bring this action as a "civil rights action" pursuant to Sections 2201 and 2202 of the Declaratory Judgment Act.  However, the Declaratory Judgment Act, standing alone, is not an independent source of jurisdiction.  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950); accord Akins v. Penobscot Nation, 130 F.3d 482, 490 n. 9 (1st Cir. 1997) (Declaratory Judgment Act does not, by itself, create a substantive cause of action).  Thus, plaintiff's claims are subject to dismissal.  See Skelly, 339 U.S. at 671; Akins, 130 F.3d at 490 n. 9.

    B.   The Commonwealth Has Eleventh-Amendment Immunity

Even if the Court construes the complaint generously as an attempt to allege a civil rights action under Section 1983, the complaint still is subject to dismissal.

The Eleventh Amendment[4] bars suits against a State, its

---

[4]The Eleventh Amendment to the United States Constitution provides that:

The Judicial power of the United States shall not be

departments and agencies regardless of the relief sought unless a State has waived its Eleventh Amendment immunity or Congress has overridden it.  See, e.g., Alabama v. Pugh, 438 U.S. 781, 781 (1987) (per curiam); accord Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh) (same); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) (same).

Because Massachusetts has not waived its Eleventh Amendment immunity, Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity), and Congress did not override states' Eleventh Amendment immunity in enacting Section 1983, Quern v. Jordan, 440 U.S. 332, 344 (1979), plaintiff's Section 1983 claims are subject to dismissal.  Brown, 291 F.3d at 92 (affirming dismissal).

    C.   Plaintiff Must Pursue His Claims In a Habeas Action

It is well-established that a person seeking release from involuntarily confinement to a mental institution to which he or she has been civilly-committed pursuant to an order of a state court may proceed under Section 2254.  See, e.g., Seling v. Young, 531 U.S.

---

    construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

250, 259 (2001); Von Flowers v. Leean, 215 F.3d 1331, 2000 WL 554518, at *2 (7th Cir. May 2, 2000) (§ 2254 was the appropriate avenue of relief for plaintiff to assert his claims about unconstitutionality of sexual predator law). And when habeas relief is available, it is available to the exclusion of any other form of relief that would necessarily call into question the validity of the judgment or order that produced the challenged confinement.[5] Preiser v. Rodriguez, 411 U.S. 475, 484-499 (1973) (habeas corpus proceedings are the proper mechanism to challenge the "legality or duration" of confinement whereas a civil rights action, in contrast, is the proper method of challenging "conditions of ... confinement); accord Rogers v. Illinois Dep't. of Corrs., 160 F. Supp. 2d 972, 977 (N.D. Ill. 2001) (Heck barred action where the practical effect of a judgment on plaintiffs' claims that their civil commitment as "sexually violent persons" violated their Equal Protection rights would invalidate their orders of commitment).

    Here, the gravamen of plaintiff's complaint is that the sexually dangerous commitment statute has been improperly

---

[5] Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (where prisoner sought damages, not speedier release, for allegedly unconstitutional conviction, prisoner had no cause of action under § 1983 because success of suit would effectively invalidate his underlying conviction and sentence); Edwards v. Balisok, 520 U.S. 641, 644-648 (1997) (prisoner's claims about alleged procedural defect at disciplinary hearing resulting in deprivation of good-time credits were not cognizable under § 1983 because suit would necessarily imply the invalidity of the deprivation of good-time credits).

retroactively applied to him because he was convicted in 1983, and he claims that the current version of the statute, enacted in 1999, was intended to only apply to persons convicted on or after that effective date. Compl. ¶¶ 1-32. Any decision concerning the constitutionality of the application of Mass. Gen. Laws ch. 123A to plaintiff would necessarily call into question the validity of the judgment or order directing that plaintiff be civilly-committed as a sexually dangerous person. Thus, this action is barred and the fact that Battista frames this action as seeking only declaratory relief is irrelevant. Rogers, 160 F. Supp. 2d at 977.[6]

## CONCLUSION

ACCORDINGLY, this Court finds no arguable legal basis for the Complaint, and this case will be dismissed for the reasons stated above pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated at Boston, Massachusetts, this 10th day of May, 2004.

                               s/ Richard G. Stearns
                               RICHARD G. STEARNS
                               UNITED STATES DISTRICT JUDGE

---

[6] I note, without deciding, that any future habeas action filed by Battista would require exhaustion of his claims. See 28 U.S.C. § 2254(b); accord Delaney v. Bruder, No. 92-12025-MLW, 1998 WL 113852 at *5 (D. Mass. Mar. 5, 1998) (granting summary judgment; court would not construe complaints filed by persons adjudged "sexually dangerous persons" as habeas petitions because they had not exhausted their state remedies).