UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 26  P 12: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

SANDY J. BATTISTA,
    Plaintiff,

vs.

COMMONWEALTH OF MASSACHUSETTS,
    Defendant.

CIVIL ACTION
NO. 04-10378-RGS.

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER OF DISMISSAL UNDER 28 U.S.C. SECTION 1915

Plaintiff, Sandy J. Battista, acting pro-se in the above entitled matter, respectfully requests this Court for reconsideration of it's May 10, 2004 ORDER OF DISMISSAL under 28 U.S.C. §1915. As grounds, plaintiff states the following reasons in response to this Court's (Stearns, J.) MEMORANDUM AND ORDER:

1) Plaintiff did not submit her application to proceed without prepayment of fees in the form of an affidavit, because such affidavits are routinely required to be accompanied by a six month computer print-out of the applicant's financial status and transactions. As plaintiff's institution will not provide such without a court order, plaintiff was awaiting such an order, at such time would have submitted same. However, it was also plaintiff's understanding, as she is no longer confined as a "prisoner," as that term is legally defined, she was no longer subjected to the "fee paying requirement under the PLRA. See Plaintiff's Motion to Waive Filing Fees and Costs and to Proceed in Forma Pauperis, at ¶¶2-4. Additionally, as plaintiff's financial status has not changed since this court

-2-

has previoulsy determined her to be indigent, she was legitimately under the impression that a change in her indigent status was not warranted either.

2) Plaintiff further <u>did</u> <u>not</u> deceive this court upon filing this action by stating that she was <u>not</u> employed. The institutional employment referred to by this court in her most recently filed action, <u>Battista vs. MacEachern,</u> et al. C.A. No.04-10779-DPW, <u>did</u> <u>not</u> start until March 17, 2004, some 2-3 weeks <u>after</u> plaintiff filed the action at hand. In order for plaintiff to have mentioned such, with no disrespect to this court, she would have had to be "clairvoyant." Upon an opportunity to amend, plaintiff will submit proof of such, as her institutional work records will reflect her starting date of employment. Nevertheless, plaintiff <u>has</u> <u>not</u> once ever lied or deceived this court in [any] of her previously filed actions, nor has [any] of her previously filed actions been dismissed as "frivolous or malicious."

3) However unlikely it might be, that an amended complaint would succeed in stating a claim, because this court did not provide the plaintiff with an opportunity to amend her complaint, and because it cannot be ruled out that the possibility that such an amendment would result in a claim being successfully pleaded, this court should vacate it's recent <u>Order od Dismissal</u>, and provide the plaintiff an opportunity to amend her complaint, and then determine whether she has or has not successfully pleaded a cause of action. See <u>Gomez vs. USAA Fed. Sav. Bank,</u> 171 F.3d 794, 796 (2d Cir. 1999).

-3-

WHEREFORE, it is respectfully prayed that this Court ALLOW this motion for reconsideration, provide the plaintiff an opportunity to amend her Complaint, re-submit her Application to Proceed Without Prepayment of Fees, and provide an Order upon her facility to produce a computer generized print-out of her accounts.

Dated: 5/24/04.

Respectfully submitted,

Sandy J. Battista, #M-15930
Plaintiff/Pro-se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, Mass. 02324