```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,             )
          Plaintiff,           )
                               )
     v.                        )   C.A. No. 04-10378-RGS
                               )
COMMONWEALTH OF MASSACHUSETTS, )
          Defendant.           )
                               )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's motion for reconsideration of the denial of her application to proceed without prepayment of fees and to vacate the order of dismissal is denied.

FACTS

Plaintiff Sandy Battista, a involuntarily civilly-committed person held at the Massachusetts Treatment Center, commenced this action in February 2004 by filing an application to proceed without prepayment of the filing fee and a complaint challenging the application of Massachusetts' sexually dangerous commitment statute to her as unconstitutional.  In an order dated May 10, 2004, I denied Battista's application because (1) it was not submitted in the form of an affidavit and signed under pains and penalties of perjury; and (2) an application filed by Battista in a subsequent action stated that she was employed at the Center and that she had approximately $1300.00 in her institutional account.  I also dismissed the complaint because (1) Battista brought her claims under the

Declaratory Judgment Act, which standing alone, does not provide a basis for federal court subject-matter jurisdiction; (2) the Commonwealth has Eleventh Amendment immunity; and (3) plaintiff's challenge to the application of the statute to herself was barred by the favorable termination rule of Heck.

Plaintiff has filed a motion seeking reconsideration of the denial of her application to proceed without prepayment of fees, claiming that (1) she did not submit her application in the form of an affidavit because she thought that a certified institutional account statement had to be submitted with affidavits and that her institution requires a court order before such a statement will be issued, and (2) she did not have an institutional job when she submitted the application. Motion, p. 1-2. She also requests that the order of dismissal be vacated so that she may file an amended complaint. Id. at p. 2. A few days after filing this motion and before a decision had been rendered on it, Battista filed a notice of appeal of the dismissal of this action. See Docket No. 6.

ANALYSIS

I. The Application to Proceed Without Prepayment of Fees

Plaintiff's argument that she did not submit her application in the form of an affidavit because a court order is needed to obtain an institutional account statement is unavailing. Section 1915(a)(1) clearly states that all persons seeking to proceed in forma pauperis

2

must submit an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). A certified institutional account statement is <u>not</u> required for non-prisoner litigants. <u>Cf.</u> 28 U.S.C. § 1915(a)(2) (stating that in addition to an affidavit, prisoner litigants must file certified trust fund statements). Thus, plaintiff's argument that she needed a court order to obtain an institutional account statement is without merit.

Moreover, even though Battista may not have been employed at the Center when she submitted the instant application, that application still failed to provide the Court with a full statement of her assets. A subsequently-filed <u>in forma pauperis</u> application filed by her revealed a significant amount of funds in her institutional account and I find that such funds are sufficient to pay the filing fee in this action. Thus, Battista's motion for reconsideration is denied.[1]

---

[1] Further, I note, merely as an aside, that since the filing of the instant action, Battista has twice been informed that an affidavit and a statement of assets is required under Section 1915, and she has submitted such an affidavit in two new actions without a certified trust fund statement, making this argument, to the say least, disingenuous. <u>See, e.g.</u>, <u>Battista v. Murphy, et al.</u>, C.A. No. 03-12643-MEL (2/25/04 Order directing Battista to file an affidavit); <u>Battista v. Murphy, et al.</u>, C.A. No. 04-10226-MEL (2/25/04 Order directing Battista to file an affidavit); <u>Battista v. MacEachern, et al.</u>, C.A. No. 04-10779-DPW (motion filed on 4/14/04 with affidavit); <u>Battista v. Percuoco, et al.</u>, C.A. No. 04-10890-MEL (motion filed on 5/3/04 with affidavit).

II.  <u>The Motion to Vacate</u>

Battista contends that the dismissal of her complaint was improper because she was not granted an opportunity to amend her complaint. Although the First Circuit has held that <u>sua</u> <u>sponte</u> dismissals for failing to state a claim are disfavored, <u>see</u> <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted), a <u>sua</u> <u>sponte</u> dismissal without notice under Section 1915 on the grounds that a plaintiff's claims lack an arguable or rational basis in law is proper. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-328 (1989) (interpreting the former § 1915(d)); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

Here, plaintiff's claims lacked an arguable or rational basis in law because they were brought against a defendant who was clearly entitled to immunity and involved the infringement of a legal interest which clearly did not exist. <u>See</u> <u>Neitzke</u>, 490 U.S. at 327-328; <u>accord</u> <u>Denton</u>, 504 U.S. at 32; <u>Mack v. Massachusetts</u>, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (when subject-matter jurisdiction is lacking, there also is no arguable or rational basis in law for a claim).

As discussed in the May 10, 2004 Memorandum and Order, the Commonwealth is clearly entitled to Eleventh Amendment immunity. <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1987) (per curiam); <u>cf.</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (neither state

nor its officials are "persons" for purposes of § 1983). Eleventh Amendment immunity operates as a bar to subject-matter jurisdiction, and claims barred by that immunity lack an arguable or rational basis in law. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction); Mack, 204 F. Supp.2d at 166.

Further, even if Battista had named a state officer rather than the Commonwealth under the legal fiction of Ex Parte Young, 209 U.S. 123 (1908), Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 685 (1982) ("There is well-recognized irony in Ex parte Young; unconstitutional conduct by a state officer may be 'state action' for purposes of the Fourteenth Amendment yet not attributable to the state for the purposes of the Eleventh."), and her claims were construed as being brought pursuant to Section 1983 rather than the Declaratory Judgment Act,[2] her claims still lacked an arguable basis in law because they were barred by the "favorable termination" rule of Heck.[3] Seling v. Young, 531 U.S. 250, 259 (2001) (person seeking

---

[2] Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (Declaratory Judgment Act, standing alone, is not an independent source of jurisdiction); accord Akins v. Penobscot Nation, 130 F.3d 482, 490 n. 9 (1st Cir. 1997) (Declaratory Judgment Act does not, by itself, create a substantive cause of action).

[3] Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (where prisoner sought damages, not speedier release, for allegedly unconstitutional conviction, prisoner had no cause of action under § 1983 because success of suit would effectively invalidate his underlying

5

release from involuntarily confinement to a mental institution to which he or she has been civilly-committed pursuant to an order of a state court may proceed under § 2254); <u>Von Flowers v. Leean</u>, 215 F.3d 1331, 2000 WL 554518, at *2 (7th Cir. May 2, 2000) (§ 2254 was the appropriate avenue of relief for plaintiff to assert his claims about unconstitutionality of sexual predator law); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484-499 (1973) (habeas corpus proceedings are the proper mechanism to challenge the "legality or duration" of confinement whereas a civil rights action, in contrast, is the proper method of challenging "conditions of ... confinement); <u>accord</u> <u>Rogers v. Illinois Dep't. of Corrs.</u>, 160 F. Supp. 2d 972, 977 (N.D. Ill. 2001) (<u>Heck</u> barred action where the practical effect of a judgment on plaintiffs' claims that their civil commitment as "sexually violent persons" violated their Equal Protection rights would invalidate their orders of commitment).

    Claims barred by the "favorable termination" rule of <u>Heck</u> lack an arguable basis in law.  <u>See, e.g.</u>, <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102 (5th Cir. 1996) (a claim that falls under the rule announced in <u>Heck</u> is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into

---

conviction and sentence); <u>Edwards v. Balisok</u>, 520 U.S. 641, 644-648 (1997) (prisoner's claims about alleged procedural defect at disciplinary hearing resulting in deprivation of good-time credits were not cognizable under § 1983 because suit would necessarily imply the invalidity of the deprivation of good-time credits).

question); accord Evans v. Nassau County, 184 F. Supp. 2d 238, 243 (E.D.N.Y. 2002) (sua sponte dismissing claims barred by Heck because they lacked an arguable basis in law).[4]  Thus, I will deny Battista's motion to vacate the May 10, 2004 Memorandum and Order.  Hamilton, 74 F.3d at 102.

## CONCLUSION

ACCORDINGLY, plaintiff's motion for reconsideration of her application to proceed without prepayment of fees and to vacate the May 10, 2004 Memorandum and Order is DENIED.

SO ORDERED.

Dated at Boston, Massachusetts, this  9th  day of June, 2004.


                                    s/ Richard G. Stearns
                                    RICHARD G. STEARNS
                                    UNITED STATES DISTRICT JUDGE

---

[4]I note that Battista was clearly acquainted with the "favorable termination" doctrine, given that she had at least one previous action challenging her involuntary civil commitment dismissed on the same grounds.  See Battista v. Forensic Health Servs., Inc., C.A. No. 03-11161-NG (sua sponte dismissal on 1/12/04 under Heck of challenge to procedures used to commit persons under "sexually dangerous" statute) appeal dismissed, No. 04-1239 (1st Cir. Mar. 5, 2004) (dismissing).  Cf. Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (it is malicious per se for a pauper to file successive in forma pauperis suits that duplicate claims made and rejected in other pending or previous lawsuits).